[No. 1363.]

THOMAS E. HAYDON, Respondent, *v.* SAMUEL BROWN
ET AL., Appellant.

Nuisance, Abatement Of—Dam.—In an action to abate a nuisance
caused by a dam across a river, appellant, who owned the land on
the opposite side of the river from respondent, admitted that he had
constructed the dam to the center of the stream, but disclaimed any
ownership in, or participation in the erection of the part on plaintiff's
side, but alleged that it had been done by his lessee without his
authority. *Held*, that appellant had no cause to complain of a decree
that his lessee abate the part of the dam on respondent's side of the
river.

Appeal from the District Court of the State of Nevada,
Washoe county.

*A. E. Cheney*, District Judge.

Action by Thomas E. Hayden against Samuel Brown and the
Reno Electric Light and Power Company to abate a nuisance
caused by the construction of a dam across a stream. Judg-
ment against the light and power company. Brown appeals.

The plaintiff and defendant Brown owned land on either
side of the Truckee river. The plaintiff alleged that his land
extended to the middle thread of the stream. This was not de-
nied in the answer. The action was brought to abate a dam
constructed by the defendants across the river at that point,
and which plaintiff alleged had damaged him by causing his
land to be overflowed and washed away. The defendant
Brown admitted that he had constructed a dam on his side of
the stream to the middle thread thereof, as he claimed the right
to do, but denied that it had caused the plaintiff any damage,
and denied that he had constructed it or authorized its con-
struction on the plaintiff's side, but alleged that this had been
done by his lessee, the light company, without his authority or
consent. No judgment was entered against defendant Brown,
but it was decreed that the light company should abate that
part of the dam which it had constructed on the plaintiff's side
of the stream.

*Robert M. Clarke* and *Charles A. Jones*, for Appellant.

I. The Truckee river is not a non-navigable but is a navi-
gable water course. It is used for transporting wood, logs and

lumber to market. (Rev. Stats. U. S. Sec. 2395; *Shoemaker* v. *Hatch*, 13 Nev. 261, 267; Gould on Waters, Secs. 7, 8, 9.) It is meandered, and thus reserved for public use. (Rev. Stats. U. S. Sec. 2395 and 2476; *Shoemaker* v. *Hatch*, 13 Nev. 267.)

II.   The center, or middle thread of the stream, is not a fixed and immovable point, but is a varying, movable point depending upon the stage of the water, flow of the current and shifting of the true bed of the stream. (Black's Law Dic. 773; Anderson's Law Dic. 460; Abbott's Law Dic. 497.)

III.   Whether the Truckee river be a navigable or nonnavigable stream, respondent by virtue merely of his ownership of land washed by the stream, or over which the stream flows in its bed, is not the owner of any valuable water power as decreed by the court below.   In this state such ownership can only be acquired by the appropriation of the water and the application of it to some useful or beneficial purpose.   (*Barnes* v. *Sabron*, 10 Nev. 217; *Straight* v. *Brown*, 16 Nev. 317; *Hobart* v. *Wicks*, 15 Nev. 418; *Smith* v. *Logan*, 18 Nev. 149; *Schultz* v. *Sweeny*, 19 Nev.   359; *Reduction Works* v. *Stevenson*, 20 Nev.   269.)

*Thos. E. Haydon, in pro. per.* for Respondent.

I.   None of the questions made in appellant's brief were made in the court below in the pleadings, evidence or argument and cannot therefore be considered in this court.   (*Dalton* v. *Libby*, 9 Nev. 192; *Grant* v. *Hunsacker*, 55 Am. Dec. 411; *Amidown* v. *Osgood*, 58 Am. Dec. 172; *Western Stage Co.* v. *Walker*, 65 Am. Dec. 797; *Bassett* v. *Carleton*, 54 Am. Dec. 606.)

II.   Appellant has no interest in the questions he seeks to raise on appeal. The court below decreed in his favor every interest he claimed in his answer and he has no pecuniary interest in any question he makes on this appeal.   (*Wiggins* v. *Swett*, 39 Am. Dec. 719; *Smith* v. *Bradstreet*, 16 Pick. 264; *Marr* v. *Hanna*, 23 Am. Dec. 449; *Black* v. *Kirgan*, 28 Am. Dec. 394; *Ringold* v. *Barley*, 59 Am. Dec. 111; *Sanford* v. *Howard*, 68 Am. Dec. 106.)

By the Court, MURPHY, J.:

This action was brought to abate a nuisance caused by a dam

constructed across the Truckee river, to enjoin its future main-
tenance, and for damages.    Samuel Brown and the Reno
Electric Light & Power Company, a corporation, were made
defendants.    Brown answered for himself alone, and the com-
pany failing to answer, its default was duly entered.    The
cause was tried by the court and jury.    Special issues were sub-
mitted and found in favor of defendant Brown, and he alone
appeals from the judgment.

The points in this decree to which the appellant objects are:
" *First*, the establishment of the Truckee river as a non-navi-
gable water course; *second*, the establishment of a fixed, arbitrary
and immovable center or middle thread of the stream; *third*,
the extension of respondent Haydon's land to such fixed, per-
manent and immovable center or middle thread; *fourth*, the
recognition and establishment of a valuable water right in
respondent Haydon, by virtue of his ownership of land extend-
ing to the center or middle thread of the Truckee river."

In our opinion, the decree is entirely in favor of the defend-
ant Brown.    No injunction is entered nor are any damages
awarded against him.    The decree directs that as against him
the plaintiff shall take nothing.    The finding that the plaintiff's
land extends to the middle thread of the stream is in accord-
ance with the admissions in the pleadings, and was really in-
vited by the defendant, who claimed in his answer to own on
the other side of the river, to the same middle thread, and to
have the right to maintain his dam to that point.    As no in-
junction was granted against his so doing, this right must have
been found in his favor.    As the navigability or non-naviga-
bility of the river could only affect the parties as to their owner-
ship of the bed of the stream, these allegations and admissions
make the finding that the river is non-navigable entirely im-
material.

As Brown disclaims in his answer all ownership or title to
that part of the dam erected on the plaintiff's side of the stream
and decreed to be a nuisance, and all right to maintain the
same, and denies that he constructed it or authorized its con-
struction, he is not prejudicially affected by that part of the
decree directing the other defendant to abate it.    As upon every
issue in the pleadings the decree is in appellant's favor he has
no cause to complain of it.

The judgment appealed from is affirmed.